[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10993
Non-Argument Calendar

_____

D. C. Docket No. 06-00365-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL VIVAS-MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 13, 2007)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Joel Vivas-Moreno appeals his 135-month sentence imposed after he pled

guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), (j),[1] and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). On August 24, 2006, the United States Coast Guard ("USCG") boarded the Frutos del Mar, a Colombian fishing vessel, in international waters. The USCG arrested Vivas-Moreno, one of the eight crew members, after discovering 105 bales of cocaine, weighing approximately 2,500 kilograms.

On appeal, Vivas-Moreno argues that he should have received a minor-role reduction. He argues that there was no evidence that he owned, sold, or distributed the drugs. Therefore, he argues that his role was minor in comparison to the organization behind the production and distribution of the cocaine. He claims that he was a simple deck hand who did nothing more than follow supervisory directions to load and offload cocaine bales. He further contends that the district court should have considered that he did not (1) own the drugs, (2) package the

---

[1]The appendix to Title 46 containing the subject provisions was repealed effective October 6, 2006 and was reenacted as 46 U.S.C. §§ 70503 and 70506, with no relevant changes. See Pub. L. No. 109-134, 120 Stat. 1485 (2006).

2

drugs, (3) purify the drugs, (4) book the vessel, (5) plan the trip, or (6) deliver the product.

The district court's determination of a defendant's role in the offense is a finding of fact that we review for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

The Guidelines provide for a downward adjustment of two to four levels based on a defendant's mitigating role in an offense. U.S.S.G. § 3B1.2. There is a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2 cmt. n.3(A). A four-level reduction for a minimal participant is warranted for "defendants who are plainly among the least culpable . . . of a group." U.S.S.G. § 3B1.2(a) cmt. n.4. A two-level reduction for a minor role is appropriate for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) cmt. n.5. In Rodriguez De Varon, 175 F.3d at 940-45, we established a two-part test to determine whether a mitigating-role reduction is appropriate. The first prong is the defendant's role in the relevant conduct, and the second is the defendant's role compared to other participants in the relevant conduct. Id. at 940.

The district court did not clearly err in determining that Vivas-Moreno failed

3

to qualify for a minor-role reduction under § 3B1.2. Because Vivas-Moreno's relevant conduct was limited to the amount of drugs he was helping to import, the district court legitimately concluded that his role was not minor in relation to his relevant conduct. In addition, the quantity of drugs involved in this case, approximately 2,500 kilograms, weighed heavily against granting a minor-role reduction.

The other identifiable participants in this case, a captain and six crew members, engaged in the same conduct as Vivas-Moreno. Vivas-Moreno failed to offer any evidence that he played a smaller role than the other six crew members. Furthermore, the fact that Vivas-Moreno may have played a lesser role than the captain does not entitle him to a minor-role reduction as, in some cases, there are no minor participants. Finally, Vivas-Moreno's focus on unidentified individuals in the greater criminal scheme is irrelevant for purposes of assessing Vivas-Moreno's role vis-a-vis the other participants in the relevant conduct. Accordingly, the district court did not clearly err in denying Vivas-Moreno a minor-role reduction, and we affirm the sentence.

**AFFIRMED.**

4